IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 1:18-19 |
| ) | Judge Stephanie L. Haines |
| JEFFREY COLIN ROGERS ) | |

**OPINION AND ORDER**

Jeffrey Colin Rogers ("Defendant") stands charged by superseding indictment with fifteen counts of sexual exploitation of a minor and one count of possession of material depicting the sexual exploitation of a minor. Presently before the Court is Defendant's motion to reconsider [Doc. 132] this Court's prior order denying him a *Franks* hearing [Doc. 119]. The Government has filed a response in opposition to that motion [Doc. 138]. For the following reasons, Defendant's motion to reconsider [Doc.132] will be **denied**.

**I.   Background**

Defendant previously filed a motion to suppress two cell phones seized from his residence pursuant to a search warrant [Doc. 86]. He asserted that the affidavit in support of the warrant application contained several false statements material to the probable cause determination, and he requested a *Franks* hearing to determine whether the two cell phones, as well as any evidence obtained from a search of those phones seized pursuant to the warrant, should be suppressed as evidence at trial. In addition, Defendant sought suppression of any evidence obtained from a search of those same cell phones pursuant to a second search warrant, contending that the second warrant was the fruit of the illegal seizure of the cell phones under the invalid first warrant, and further that the affidavit in support of the second warrant contained material omissions, rendering it invalid as well.

1

The background related to Defendant's request for a *Franks* hearing was set forth in detail in the Court's prior opinion [Doc. 119] and need not be reiterated here. The Court held oral argument on Defendant's motion to suppress on February 28, 2022. The Court permitted Defendant to argue at length in support of his position that he had met the substantial preliminary showing necessary to entitle him to a *Franks* hearing, and allowed him to introduce several exhibits. The Court also permitted the Government to respond, and then provided Defendant an extended opportunity to reply.

At the close of argument, the Court determined that Defendant was not entitled to a *Franks* hearing. A written opinion and order denying Defendant's motion to suppress was entered by the Court on April 4, 2022 [Doc. 119]. The Court found that Defendant failed to make a substantial preliminary showing that the affiant knowingly or recklessly made false statements in the initial affidavit. The Court also found that Defendant failed to demonstrate that the alleged false statements were material to the probable cause determination because, even with the alleged falsities excised, sufficient probable cause to support the first warrant remains.[1]

Defendant then filed the pending motion to reconsider the denial of his request for a *Franks* hearing [Doc. 132]. Defendant argues that the Court improperly considered the Government's explanations for the alleged falsities in the affidavit and erroneously made credibility determinations in a "pre-*Franks*" setting, and continues to insist that he has met the requisite substantial preliminary showing entitling him to a *Franks* hearing. The Court continues to disagree.

---

1 Because the Court found that there was no basis to invalidate the first warrant, it likewise found no grounds to invalidate the second warrant, as the cell phones initially were seized pursuant to the valid first warrant.

2

**II.     Standard**

It is well-settled that a motion for reconsideration may be filed in a criminal case. *See United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). Importantly, however, "a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *United States v. Watson*, No. CR 20-218-27, 2021 WL 6065000, at *2 (W.D. Pa. Dec. 22, 2021), appeal denied, No. 22-1040, 2022 WL 2445035 (3d Cir. Apr. 18, 2022) (quoting *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012)).

Generally, a court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Because the Court's order denying Defendant's motion to suppress is an interlocutory order, *see United States v. Williams*, 413 F.3d 347, 354 (3d Cir. 2005), reconsideration also may be had if "'consonant with justice to do so.'" *See United States v. Suggs*, No. CR 19-134, 2021 WL 4460024, at *5 (W.D. Pa. Sept. 29, 2021).

**III.    Discussion**

"The right to a *Franks* hearing is not absolute." *United States v. Pavulak*, 700 F.3d 651, 665 (3d Cir. 2010). Rather, to establish that a hearing is warranted, *Franks* requires the defendant to: (1) make a "substantial preliminary showing" that the affiant knowingly or recklessly included a false statement in, or omitted facts from, the affidavit; <u>and</u>, (2) demonstrate that the false

3

statement or omitted facts are "necessary to the finding of probable cause." *Id.*; *Franks*, 438 U.S. at 155–56 (emphasis added).

Here, the Court found that Defendant failed to make a substantial preliminary showing that the statements were false or knowingly or recklessly included, and that he failed to demonstrate that the alleged falsities were necessary to the finding of probable cause. The Court thoroughly explained the rationale for its findings in the opinion.

Defendant takes issue with the Court's decision. His primary contention is that the Court improperly considered the Government's explanation for the asserted discrepancies in the affidavit, and prematurely made factual and credibility determinations, without affording him a full-blown *Franks* hearing. In support, Defendant relies primarily on *United States v. McMurtrey*, 704 F.3d 502 (7th Cir. 2013). In that case, the Seventh Circuit held that the district court violated the defendant's Fourth Amendment rights by allowing the Government, at a "pre-*Franks*" hearing, to offer evidence to explain discrepancies and contradictions in search warrant affidavits without providing the defense an opportunity to challenge the explanation. Defendant's reliance on this non-binding decision from outside this Circuit is unavailing.

As an initial matter, *McMurtrey* is factually distinguishable. In *McMurtrey*, the Seventh Circuit found the district court erred in restricting the defendant's right to cross-examination at a pre-*Franks* hearing because the defendant already had made a substantial preliminary showing that he was entitled to a full-blown *Franks* hearing. Here, however, Defendant failed to make the required substantial preliminary showing that he was entitled to any *Franks* hearing. *See United States v. Wade*, 628 F. App'x 144, 147 (3d Cir. 2015) (distinguishing *McMurtrey*, the Third Circuit Court of Appeals held that because the defendant failed to meet the preliminary *Franks* showing, he was not entitled to a hearing at all).

4

The Court stands by its determination that defendant failed to make the substantial preliminary showing necessary to warrant a *Franks* hearing. In order to make the requisite initial showing, a defendant must allege with specificity what was false in the affidavit; he must make allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof that the affiant had a culpable state of mind; and, he must allege that the remaining information from the affidavit is insufficient to support a finding of probable cause. *Franks*, 438 U.S. at 171–72.

As the Court found, Defendant failed to make this threshold showing for two reasons. First, "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth . . . accompanied by an offer of proof." *United States v. Marranca*, 98 F. App'x 179, 182 (3d Cir. 2004) (quoting *Franks*, 438 U.S. at 171). Here, Defendant failed to make a sufficient offer of proof that the affiant had a culpable state of mind in making the challenged statements, rather than that he acted negligently or made an innocent mistake. *See, e.g., United States v. Yokshan*, 431 F. App'x 170, 173 (3d Cir. 2011) (defendant failed to make threshold showing required for a *Franks* hearing by failing to offer sufficient evidence alleging culpable conduct).

"[A]ssertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he or she is asserting." *United States v. Desu*, 23 F.4th 224, 234 (3d Cir. 2022) (quoting *Wilson v. Russo*, 212 F.3d 781, 783 (3d Cir. 2000)). As the Court explained in its decision, Defendant's offer of proof contained nothing to suggest that the affiant had any reason to doubt the truth of what he asserted. The Court is satisfied that its analysis on this question is sound. *See, e.g., United States v. Baer*, 843 F. App'x 472, 477 (3d Cir.), *cert. denied* 141 S. Ct. 2833 (2021) (in finding that the defendant was not entitled to a *Franks* hearing, district court properly decided that inaccuracies in an affidavit, which included minor inaccuracies in quoted

witness statements, were inadvertent and accurately conveyed the information); *United States v. Stiso*, 708 F. App'x 749, 754 (3d Cir. 2017) ("even if Stiso were able to show that the affidavit was somehow incorrect or incomplete, he would still not be entitled to a *Franks* hearing because he has not provided anything to show that the supposed problems with the affidavit were the product of knowing falsehoods or a reckless disregard for the truth.").

Second, and significantly, Defendant also failed to demonstrate materiality. In order to obtain a *Franks* hearing, the burden is on the defendant to make the requisite preliminary showing that he can satisfy <u>both</u> prongs necessary to be entitled to such a hearing. *Franks*, 438 U.S. at 171-72. Thus, if a defendant fails to make that showing with respect to <u>either</u> prong, the defendant is not entitled to a hearing. *United States v. Gordon*, 664 F. App'x 242, 245 (3d Cir. 2016) (defendant did not make the "substantial preliminary showing" of materiality necessary to warrant a *Franks* hearing)

Here, the Court found that even with the allegedly false statements excised, the affidavit still contains sufficient content to support a finding of probable cause, as outlined in the Court's prior opinion. The rationale behind this finding is set forth in detail in the Court's opinion and need not be reiterated here. Defendant has advanced nothing new in his motion for reconsideration on this issue that he has not already had the opportunity to fully brief and argue, and the Court is not going to permit him to relitigate it.

**IV.     Conclusion**

Courts long have recognized that "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court." *Watson, supra*, 2021 WL 6065000, at *2 (citing *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007)).

Here, Defendant continues to argue issues that have been fully briefed and argued extensively. The Court already has decided those issues, and Defendant's disagreement with the Court's ruling is not a ground for reconsideration. Defendant has shown no clear error of law or fact, or manifest injustice. Nor has he shown that reconsideration of the Court's decision would be "consonant with justice." Accordingly, Defendant's motion to reconsider the denial of a *Franks* hearing will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:18-19 |
| | ) Judge Stephanie L. Haines |
| JEFFREY COLIN ROGERS | ) |

**ORDER OF COURT**

AND NOW, this 26th day of July, 2022, upon due consideration of Defendant's motion to reconsider the denial of a *Franks* hearing in this matter [Doc. 132], and the Government's response thereto [Docs. 138], and for the reasons set forth in the accompanying Opinion, IT IS ORDERED that Defendant's motion for reconsideration [Doc. 132] hereby is **denied**

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record